NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Crim. No. 03-448 |
| v. | |
| | OPINION |
| **ELLIOT MANEY,** | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

1. Before the Court is *pro se* Defendant Elliot Maney's Motion to Amend/Correct his Judgment of Conviction pursuant to Federal Rule of Criminal Procedure 36. (D.E. No. 34, Motion to Amend/Correct Judgment and Commitment ("Def. Motion")). For the following reasons, the Court DENIES Defendant's Motion.

2. On May 6, 2004, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) before the Honorable John C. Lifland, United States District Judge (the "Federal Gun Case"). (D.E. No. 41, Brief in Opposition ("Opp. Br.") at 1-2). At the time of Defendant's federal plea, Defendant was awaiting sentencing or trial in two other criminal matters in New Jersey state court. (*Id.* at 2). Specifically, Defendant awaited sentencing pursuant to a guilty plea he entered in 2003 to third-degree unlawful possession of a handgun in violation of N.J.S.A. 2C:39-5b (the "State Gun Case"). Similarly, in February 2005 (after being sentenced in the Federal Gun Case), Defendant pleaded guilty to second-degree aggravated assault and third-degree possession of a weapon for an unlawful purpose in violation of N.J.S.A. 2C:12-1b(1) and N.J.S.A. 2C:39-4d, respectively (the "State Aggravated Assault Case"). (*Id.* at 3).

1

3. Following Defendant's guilty plea in the Federal Gun Case, Judge Lifland intended to sentence Defendant to a term of 120 months. (D.E. No. 38, January 11, 2005 Sentencing Hearing Transcript ("Tr.") at 3-6). The Government and Defendant, however, agreed that the sentence should be adjusted to credit Defendant for the time he had already spent in state custody for related conduct.[1] (*Id.* at 6). Accordingly, Judge Lifland adjusted Defendant's sentence by fourteen months to reflect the time Defendant spent in state custody for the State Gun Case. (*Id.*). Judge Lifland refused, however, to adjust Defendant's sentence for the time he also spent in state custody for the State Aggravated Assault Case because the conduct underlying that case was unrelated to the Federal Gun Case. (*Id.* at 5). Ultimately, Judge Lifland sentenced Defendant to imprisonment for 106 months, but did not state whether this sentence would run concurrently or consecutively to Defendant's pending state sentences. (*Id.* at 7; *see also* Def. Motion, Exhibit C ("Judgment") at 1-6).

4. Defendant asks the Court to amend his sentence under Rule 36 to reflect Judge Lifland's alleged unexpressed intention that Defendant's sentence was to run concurrently with the state sentences.[2] (Def. Motion at 4). Defendant also argues that Judge Lifland applied United States Sentencing Guideline Manual § 5G1.3(b) and that, consequently, his federal sentence must run concurrently to his state sentences. (Def. Rep. Br. at 3-4).

---

[1] Judge Lifland noted that because the State Gun Case and the Federal Gun Case arose from the same conduct, Defendant could be credited for his incarceration pending judgment on the State Gun Case. (*Id.* at 6).

[2] Defendant initially sought relief under Rule 36, alleging that Judge Lifland stated Defendant's federal sentence would begin "immediately." (Def. Motion at 3). Defendant construed this to mean that his sentence would be imposed concurrently with his state sentences. (*Id.*). As the Government notes, however, at no point while sentencing Defendant did Judge Lifland state that Defendant's sentence would commence "immediately." (Opp. Br. at 4). Indeed, Defendant concedes that this allegation was the result of mistaken recollection. (D.E. No. 42, ("Def. Rep. Br.") at 1). Consequently, this Court need not consider this argument. The Court does, however, consider Defendant's remaining arguments.

2

5. Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "[A] clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis[3] might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987).[4] So, although Rule 36 permits modification of sentences resulting from clerical errors in the judgment, it furnishes no basis for correcting a sentence's substantive errors. *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005); *see also United States v. Werber*, 51 F.3d 342, 347-48 (2d Cir. 1995) (holding that a correction to a sentence based on the sentencing judge's unstated intention to credit a defendant for time served in presentence detention amounts to a correction based on "an error of law, not an error of transcription" and thus falls outside the scope of Rule 36).

6. As the Government aptly notes, "[t]he applicable version of the United States Sentencing Guidelines to this motion is the United States Sentencing Guidelines effective November 1, 2002."[5] Generally, where a defendant "is subject to an undischarged term of imprisonment," the guidelines provide sentencing courts with discretion to impose a sentence to run "concurrently with or consecutively to the undischarged term." U.S. Guidelines Manual § 5G1.3 cmt. background (U.S. Sentencing Comm'n 2002) (hereinafter, "Guidelines").

7. The guidelines also provide that where a defendant is subject to an undischarged term of imprisonment resulting from an offense that has been "fully taken into account in the determination

---

[3] "One who takes dictation; a scribe or secretary." *Amaneunsis*, BLACK'S LAW DICTIONARY (9th ed. 2009).

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

[5] The sentencing guidelines have been amended several times since Judge Lifland sentenced Defendant. Consequently, the most current version of U.S.S.G. §5G1.3 (effective November 1, 2014) does not accurately reflect U.S.S.G. §5G1.3 at the time of Defendant's sentencing.

3

of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Guidelines § 5G1.3(b). In imposing a sentence pursuant to § 5G1.3(b), a court may "adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." *Id.* § 5G1.3 cmt. n.2. If a court adjusts a sentence accordingly, it should indicate that the sentence it imposed "is not a departure from the guideline range because the defendant has been credited for guideline purposes under § 5G1.3(b)." *Id.*

8. Where an undischarged term of imprisonment is not taken into account in determining the offense level for the instant offense, however, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* § 5G1.3(c).

9. The guidelines also note that when a court is presented with a complex case where a defendant is subject to multiple undischarged terms of imprisonment "that seemingly call for the application of different rules . . . the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense." *Id.* § 5G1.3 cmt. n.5.

10. Finally, where a sentencing court imposes a sentence that is silent with respect to whether it will run concurrently with or consecutively to another term of imprisonment, it is, by statute, deemed to run consecutively. 18 U.S.C. § 3584(a) (2012); *see also Turnquest v. Allenwood*, 643 F. App'x. 101 (3d Cir. 2016) (holding that because the sentencing court did not expressly order petitioner's federal sentence to run consecutively to his state sentences, the Bureau of Prisons "was required to treat [petitioner's] federal sentence as running consecutively to his state sentences").

11. Defendant argues that because Judge Lifland decided to adjust Defendant's sentence by fourteen months to account for the time he spent imprisoned following the State Gun Case, Judge Lifland must have applied § 5G1.3(b) in deciding his sentence. (Def. Rep. Br. at 3-4). Defendant also points to his Judgment, which indicates that the sentence "is not a departure from the guidelines because the defendant has been credited for guideline purposes under 5G1.3(b) with 14 months served in state custody." (*Id.*; *see also* Judgment at 5). Thus, Defendant concludes that his sentence must run concurrently and asks this Court to retroactively render his sentence concurrent to his state sentences, relying on *Ruggiano v. Reish*, 307 F.3d 121, 130-31 (3d Cir. 2002) (interpreting § 5G1.3(c) to permit a sentencing court to order a federal sentence to be fully and retroactively concurrent with a state sentence). (Def. Rep. Br. at 4-5).

12. Despite Defendant's contention that Judge Lifland applied § 5G1.3(b) in crafting his sentence, the transcript of Defendant's sentencing hearing indicates otherwise. During the sentencing hearing, although Judge Lifland referenced § 5G1.3(b) *and* § 5G1.3(c), he ultimately treated Defendant's sentence as a complex situation by reciting language from the complex-situation commentary verbatim and proposing a sentence that both parties accepted. (Tr. at 5). Judge Lifland stated that the guidelines required him to use his discretion, "in accordance with subdivision C . . . to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense." (*Id.*). Consequently, he agreed to credit Defendant for the fourteen months he spent imprisoned in connection with the State Gun Case, but expressly refused to credit Defendant for the time he spent imprisoned in connection with the State Aggravated Assault Case. (*Id.* at 5-6).

13. Moreover, this Court notes that Defendant's situation is precisely the type contemplated by the complex-situations commentary because he was "subject to multiple undischarged terms of

imprisonment that called for the application of different rules." Guidelines § 5G1.3 cmt. n.5. Specifically, because the State Gun Case was related to the Federal Gun Case and was considered by Judge Lifland, § 5G1.3(b) could be applied to the federal sentence. *See id.* § 5G1.3(b); (Tr. at 5-6). Conversely, because the State Aggravated Assault Case was not related to the Federal Gun Case, and therefore not considered by Judge Lifland, § 5G1.3(c) could also be applied to the federal sentence. *See id.* § 5G1.3(c); (Tr. at 5-6).

14. This Court further notes that, contrary to Defendant's contentions, the fact that the Judgment indicates that Defendant's sentence was credited with fourteen months is not dispositive of Judge Lifland's intent to apply § 5G1.3(b). Rather, pursuant to Defendant's complex situation, Judge Lifland furnished a reasonable punishment for Defendant's offense, which included crediting him for the fourteen months he had already spent imprisoned for a related offense. (Tr. at 5-7).

15. Next, Defendant's reliance on *Ruggiano* is misplaced. In *Ruggiano*, the sentencing court orally declared (and later expressly noted in the written judgment) that the defendant would serve his federal sentence concurrently with his unrelated state sentence. 307 F.3d 121, 124 (3d Cir. 2002). Despite the Bureau of Prison's contentions that the sentencing judge's declarations were advisory and not binding, the Third Circuit held that the sentencing judge had the authority to credit the defendant by ordering his sentence to run retroactively concurrent to the pre-existing state sentence. *Id.* at 130-31. Here, unlike in *Ruggiano*, Judge Lifland made no such declaration— either orally or on the Judgment—that Defendant's sentence would be served concurrently with his state sentences. Further, in *Smith v. McKean*, the Third Circuit expressly noted that *Ruggiano* was superseded by the 2003 amendments to the United States Sentencing Guidelines Manual, meaning that *Ruggiano* had been statutorily superseded by the time of Defendant's sentence in

6

2005. 580 F. App'x. 98, 99 (3d Cir. 2014). Consequently, because *Ruggiano* was—and still remains—inapplicable law at the time of Defendant's sentence, his reliance on *Ruggiano* is inapposite.

16. Moreover, even if the Court were persuaded[6] that Judge Lifland possessed an unstated intention that Defendant's sentence should run concurrently with his state sentences, this Court has no authority to amend the sentence. Here, there is simply no apparent clerical error between the sentence and Judge Lifland's oral pronouncement. Consequently, any failure on the part of Judge Lifland to express some intention he may have had is a substantive error that cannot be corrected pursuant to Rule 36. *See United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) ("We hold that Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing.").

17. Finally, because Defendant's sentence is silent as to whether it was imposed concurrently with or consecutively to his state sentences, it must be construed to run consecutively. 18 U.S.C. §3584(a) requires that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Here, because Judge Lifland did not order otherwise, Defendant's sentence must be treated as consecutive to his state sentences.

18. For the foregoing reasons, Defendant's motion is *denied*. An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] As the Government aptly notes, Judge Lifland neither mentioned nor implied that Defendant's sentence would run concurrently with his state sentences at either of the sentencing hearings.